Joshua B. Swigart, Esq. (SBN 49422)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Abbas Kazerounian (SBN 48522)
ak@kazlg.com
Ryan L. McBride (SBN 50751)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

| | |
|---|---|
| Donald Murdzia and Susan Embree, individually and on behalf of others similarly situated, <br><br>                Plaintiff, <br><br> v. <br><br> Ocwen Loan Servicing, LLC <br><br>                Defendant. | **Case No:** <br><br> **Complaint for Damages for Violations of RCW 9.73.030** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. Susan Embree ("Plaintiff Embree") and Donald Murdzia ("Plaintiff Murdzia") (or jointly as "Plaintiffs") individually, and on behalf of others similarly situated, through Plaintiffs' attorneys, brings this action to challenge the actions of Ocwen Loan Servicing, LLC, ("Defendant"), with regard to Defendant recording Plaintiffs without first obtaining consent of Plaintiffs and class members, and this conduct caused Plaintiffs and class members damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain directly to a plaintiff, which Plaintiffs allege on their personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The conduct engaged in by Defendant took place in the Western District of Washington.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) et seq. ("CAFA").

8. This action arises out of Defendant's violations RCW 9.73.030.

9. Because Defendant does business within the State of Washington, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the City of Newman Lake, County of Spokane, State of Washington.

11. At all times relevant, Defendant conducted business within the State of Washington.

## PARTIES

12. Plaintiff Embree is a natural person who resides in the City of Newman Lake, State of Washington.

13. Plaintiff Murdzia is a natural person who resides in the City of Bellingham, State of Washington.

14. Defendant has its principal place of business in the City of West Palm Beach, in the State of Florida.

15. Plaintiffs are participants to phone conversations which were recorded in without obtaining consent in violation of RCW 9.73.030.

## FACTUAL ALLEGATIONS

**Plaintiff Embree**

16. Plaintiff Embree is alleged to have incurred certain financial obligations to Defendant related to a mortgage for Plaintiff Embree's primary residence.

17. Defendant called Plaintiff Embree on Plaintiff Embree's cellular telephone ending in 5931 hundreds of times from 2014 to present.

18. Plaintiff Embree is informed and believes that all, if not most of these calls were recorded by Defendant.

19. Plaintiff Embree also called Defendant multiple times from 2014 to present regarding her mortgage being serviced by Defendant.

20. Plaintiff Embree is informed and believes that all, if not most of these calls were recorded by Defendant.

21. Through other litigation with Defendant, Plaintiff Embree obtained multiple recordings of conversations between Plaintiff Embree and Defendant.

22. Plaintiff Embree discovered Plaintiff Embree was being recorded by Defendant on or around November 15, 2017 when Plaintiff Embree obtained the recordings through other litigation with Defendant.

23. In these recordings, on multiple phone calls to and from Defendant, Plaintiff Embree gave personal identifying information to Defendant including the last four numbers of her social security number and loan number.

24. On multiple phone calls to and from Defendant, Plaintiff Embree discussed private details regarding Plaintiff Embree's loan with Defendant.

25. On multiple phone call recordings, Defendant failed to obtain consent from Plaintiff Embree to record the phone calls with Plaintiff Embree.

26. Through this conduct, Defendant violated RCW 9.73.030.

27. As a result of Defendants' conduct, Plaintiff Embree's privacy was invaded because Plaintiff Embree was not informed that Plaintiff Embree's conversations were being recorded by Defendant.

28. As a result of Defendants' conduct, Plaintiff Embree suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

**Plaintiff Murdzia**

29. Plaintiff Murdzia is alleged to have incurred certain financial obligations to Defendant related to a mortgage for Plaintiff Murdzia's primary residence.

30. Defendant called Plaintiff Murdzia on Plaintiff Murdzia's cellular telephone ending in 1801 hundreds of times from 2010 to present.

31. Plaintiff Murdzia is informed and believes that all, if not most of these calls were recorded by Defendant.

32. In these recordings, on multiple phone calls to and from Defendant, Plaintiff Murdzia gave personal identifying information to Defendant including the last four numbers of Plaintiff Murdzia's social security number and loan number.

33. On multiple phone calls to and from Defendant, Plaintiff Murdzia discussed private details regarding Plaintiff Murdzia's loan with Defendant.

34. On multiple calls, Defendant did not obtain consent from Plaintiff Murdzia to record Plaintiff Murdzia. Through this conduct, Defendant violated RCW 9.73.030.

35. As a result of Defendants' conduct, Plaintiff Murdzia's privacy was invaded because Plaintiff Murdzia was not informed that Plaintiff Murdzia's conversations were being recorded by Defendant.

36. As a result of Defendants' conduct, Plaintiff Murdzia suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting his job and personal relationships.

### CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated.

38. This action pleads the following class action allegations.

> Plaintiffs define "The Class" as (i) all persons with addresses within the state of Washington; (ii) who were recorded on a phone call with Defendant without Defendant obtaining consent from class members to be recorded.

39. There are more than 40 members of the class, and the class members are so numerous that joinder is impracticable.

40. The individual identities of the individual members are ascertainable through Defendants' records, recordings, or by public notice.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   A) Whether Defendants recorded phone calls with the Class;

   B) Whether Defendants obtained consent from the Class to record phone calls with the Class;

   C) Whether members of the Class are entitled to the remedies under RCW 9.73.030;

   D) Whether members of the Class are entitled to declaratory relief;

   E) Whether members of the Class are entitled to injunctive relief;

   F) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to RCW 9.73.030;

   G) Whether the Class are entitled to any other remedies.

42. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer issues.

44. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful recording practices.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

46. Class-wide damages are essential to induce Defendant to comply with Federal and State Law.

47. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under RCW 9.73.030 is $1,000.00.

Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

48. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF RCW 9.73.030

49. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

50. The foregoing acts and omissions constitute numerous and multiple violations of RCW 9.73.030.

51. As a result of each and every violation of RCW 9.73.030, Plaintiffs and class members are entitled to any actual damages pursuant to RCW 9.73.060; statutory damages in an amount up to $1,000.00 each pursuant to RCW 9.73.060; and, reasonable attorney's fees and costs pursuant to RCW 9.73.060 from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs and class members be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to RCW 9.73.060;
- An award of statutory damages of $1,000.00 or $100 per day of each violation pursuant to RCW 9.73.060;
- An award of costs of litigation and reasonable attorney's fees, pursuant to RCW 9.73.060.

///

///

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs and class members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group**

Date: June 1, 2018                    By: */s/ Ryan L. McBride*
                                          Ryan L. McBride
                                          Attorneys for Plaintiff

Joshua B. Swigart, Esq. (SBN 49422)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Abbas Kazerounian (SBN 48522)
ak@kazlg.com
Ryan L. McBride (SBN 50751)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiffs and putative class